UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

YOHONIA M. MARTIN,
        Plaintiff,

      v.                                     CIVIL ACTION NO. 15-12339-GAO

VISTAPRINT USA,
        Defendant.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, this action is dismissed without prejudice for lack of subject matter jurisdiction.

**I.**    **Background**

On June 15, 2015, Plaintiff Yohonia Martin, a California resident, filed a complaint against VistaPrint USA, a company with offices in Lexington, Massachusetts. The complaint is accompanied by a motion to proceed in forma pauperis.

As best can be gleaned from the complaint, plaintiff purchased a $54 website package from the defendant Vistaprint in March 2015. The following month, in April 2015, plaintiff discovered that Vistaprint again charged her account $54. Apparently, Vistaprint scheduled the charges from her checking account on a recurring basis. Plaintiff complains that the recurring charges are fraudulent because the funds were taken without plaintiff's permission. Moreover, the recurring charge caused a negative balance in plaintiff's checking account. Plaintiff alleges that defendant fails to respond to her emails and that efforts to reach the defendant through a toll-free call was unsuccessful. The complaint is accompanied by several exhibits, including a bank statement and a "30 Day Demand Letter." Plaintiff seeks triple damages for research ($475); bank charges ($162) and postage and mailing ($70.50) for a total of $2,122.50.

**II.     Standard of Review**

Because plaintiff is proceeding pro se, the Court will construe her motion generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).  However, the  court is unable to determine a jurisdictional basis for this action.

Federal courts are "'courts of limited jurisdiction.'" Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994)).  Such courts may adjudicate only those cases authorized by the Constitution and by Congress.  Kokkonen, 511 U.S. at 377.  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331, 1332, confer "federal question" and "diversity" jurisdiction, respectively.   For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369 U.S. 186, 198, 82 S.Ct. 691, 699–700, 7 L.Ed.2d 663 (1962).

If the complaint is insufficient to support a claim under federal jurisdiction, it must be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); see Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a

court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.") (internal citation omitted).

## II.   Discussion

The Court does not have subject matter jurisdiction over this action. Jurisdiction does not exist under Section 1331 because the plaintiff has not identified a cause of action under federal law. The plaintiff's cause of action appears to be fraud - a state law claim. The Court notes that small claims sessions are conducted in every state district court in the Commonwealth and perhaps plaintiff intended to bring suit in a state district court under the Massachusetts Consumer Protection Act, Chapter 93A. Here, plaintiff has in no way identified a federal law that could be at issue in this case. Thus, there is no federal question jurisdiction.

To the extent plaintiff predicates jurisdiction on diversity of citizenship as she is a California resident and Vistaprint has offices in Massachusetts, jurisdiction does not exist under Section 1332 because plaintiff cannot satisfy the amount in controversy requirement. The only damages plaintiff seems to allege in her complaint amount to $2,122.50, stemming from bank, research and mailing charges. This amount falls markedly short of the $75,000.01 required amount. Therefore, this Court cannot have diversity jurisdiction under Section 1332.

Because "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," dismissal sua sponte is appropriate. Garayalde–Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (citations and internal quotation marks omitted). Given the nature of the identified jurisdictional deficiencies, amendment would be futile.

## III.   Conclusion

Because the amount in controversy is not satisfied, and plaintiff offers no grounds as to

why this case presents a federal question, this Court does not have jurisdiction over this matter.

Accordingly, this action is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

SO ORDERED.


 July 14, 2015                                     /s/ George A. O'Toole, Jr.
DATE                                           GEORGE A. O'TOOLE, JR.
                                                UNITED STATES DISTRICT JUDGE